UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CURVES INTERNATIONAL, INC.,           :
  a Texas corporation,                                :
                                                :
          Plaintiff,                                 :
                                                :
          v.                                     :     C.A. No.
                                                :
STEPHANIE O'CALLAGHAN,            :
  a Resident of New York,                 :
                                                :
          Defendant.                           :
-----------------------------------------------------------x

## CERTIFICATION OF KEVIN D. AYERS

      1.      My name is Kevin D. Ayers. I am a citizen and resident of the State of Texas, and I make this Certification based on personal knowledge in support of Plaintiff's Memorandum in Support of Its Motion for a Preliminary Injunction.

      2.      I am the General Counsel for Curves International, Inc. ("Curves"). I have held that position for approximately ten years. In my capacity as General Counsel, I am familiar with the Curves Business System, training programs, and marketing and development activities, among other things. As General Counsel, I am the custodian of and have access to executed copies of all Curves franchise agreements, leases, correspondence, and other related documents and records concerning each Curves franchise. This includes the documents and records relating to the franchises owned by Defendant in this case. The documents attached hereto are kept in the course of Curves' regularly conducted business activities, and it is Curves' normal practice to make and keep these documents. My job responsibilities include overseeing litigation brought by or against franchisees. I am also familiar with the business of Curves generally, including having knowledge regarding its operational standards, the resources it has dedicated

toward its intellectual property, and the relationship between franchisees' operations and the goodwill associated with Curves' Marks.

      3.      Curves is a Texas corporation with its principal place of business at 100 Ritchie Road, Waco, Texas. It has developed a business system for the sale of 30-minute fitness and weight loss services to the public (the "Business System"), all associated with CURVES® trademarks, trade names and related marks (the "Marks"). Curves licenses franchisees to use its Business System and registered trademarks pursuant to the terms of a written franchise agreement.

      4.      Curves has invested substantial time, money and other resources in developing its unique Business System and in the development and protection of its trademarks and trade names.

      5.      Curves' Marks have been very widely advertised and promoted by Curves over the years. Curves and its franchisees have expended millions of dollars in advertising and promoting the Curves Marks over the last decade.

      6.      Curves and its franchisees currently operate approximately 10,000 facilities worldwide.

      7.      As a result of the extensive sales, advertising, and promotion of services and products identified by the Curves marks, the public has come to know and recognize the Curves Marks, and to associate them exclusively with services and products offered by Curves and its franchisees. The Curves Marks are among the best and most widely known trademarks in the United States and throughout the world, and are assets of inestimable value to Curves, representing and embodying Curves' considerable goodwill and favorable reputation.

8. On or about July 6, 2000, Curves entered into a franchise agreement with Defendant Stephanie O'Callaghan (the "Franchise Agreement"), whereby Defendant received the license and right to operate one CURVES® franchise using the CURVES® trademarks and business system, in a limited area specifically identified in a March 27, 2001 Addendum to the Franchise Agreement as the city limits of Dobbs Ferry, Hastings-on-Hudson, Irvington, and Ardsley, New York. True and correct copies of the Franchise Agreement and Addendum are attached hereto as Exhibit A.

9. Pursuant to the terms of the Franchise Agreement, Defendant was granted the right to participate in the CURVES® franchise system and display the CURVES® Marks in connection with her business.

10. As it does with all its franchisees, Curves provided Defendant with Curves' confidential and proprietary business information. Curves also provided training to Defendant concerning various aspects of her business, and provided Defendant with information about how best to operate her franchised business. Through her participation in the CURVES® franchise system, Defendant gained extensive knowledge about the Business System and learned how to operate a fitness and weight loss business according to the Business System.

11. Defendant breached the Franchise Agreement by failing to pay delinquent royalty and advertising fees while continuing to use the CURVES® Marks to sell fitness services to the public. By letter dated August 18, 2006, Curves sent a notice to cure to Defendant. That notice informed Defendant that her failure to pay delinquent royalty, advertising, and product fees constituted breaches of the Franchise Agreement. That notice demanded that Defendant compensate Curves for the monthly royalty fees in the amount of $790 and a late fee in the amount of $70, monthly advertising fees in the amount of $390 and a late fee in the amount of

$70, and product fees in the amount of $16.16.  That notice also informed Defendant that if she did not pay these delinquent fees to Curves within ten days of receipt of the letter, Curves would terminate the Franchise Agreement.  A true and correct copy of Curves' August 18, 2006, letter is attached hereto as Exhibit B.

12.  By letter dated January 8, 2007, Curves sent a second notice to cure to Defendant.  That notice informed Defendant that her failure to pay delinquent royalty and advertising fees constituted breaches of the Franchise Agreement.  That notice demanded that Defendant compensate Curves for the monthly royalty fees in the amount of $3,555 and a late fee in the amount of $315, as well as monthly advertising fees in the amount of $1,755 and a late fee in the amount of $315.  That notice again informed Defendant that if she did not pay these delinquent fees to Curves within ten days of receipt of the letter, Curves would terminate the Franchise Agreement.  A true and correct copy of Curves' January 8, 2007, letter is attached hereto as Exhibit C.

13.  Having received no payments for delinquent royalty or advertising fees despite providing Defendant ample notice and opportunity to cure her defaults, Curves sent a notice of termination to Defendant, dated January 22, 2007.  That notice informed Defendant that her failure to pay delinquent royalty and advertising fees constituted breaches of the Franchise Agreement.  That notice demanded that Defendant stop immediately her use of the CURVES® Marks and comply with the Franchise Agreement's other post-termination obligations.  That notice also demanded that Defendant compensate Curves for the monthly royalty fees in the amount of $3,555 and a late fee in the amount of $315, as well as monthly advertising fees in the amount of $1,755 and a late fee in the amount of $315.  That notice further demanded that Defendant compensate Curves for monthly royalty fees in the amount of $14,220 and monthly

advertising fees in the amount of $7,020, that would have been payable for the remaining term of Defendant's Franchise Agreement. A true and correct copy of Curves' January 22, 2007, letter is attached hereto as Exhibit D.

14. Despite Curves' notice of termination, Defendant continued to display the CURVES® Marks at the location of her facility and operated a fitness center at that location. In fact, Defendant continued to use Curves' Marks to sell fitness center services to the public that were not authentic CURVES® services.

15. Defendant has ignored Curves' repeated demands that she comply with her post-termination obligations under the Franchise Agreement. Defendant continues to use CURVES® Marks, including Curves' signs, promotions, advertisements, equipment, and other materials, to sell fitness center services to the public. Defendant also continues to operate a business that competes with Curves and its franchisees at the same location as Defendant's formerly licensed CURVES® facility.

16. Curves, its national franchise system, and its franchisees in New York and surrounding areas will be irreparably harmed in the absence of injunctive relief, as set forth below.

17. Curves must be able to enforce the post-termination non-compete provisions of the Franchise Agreement, which prevents Defendant from operating a competing fitness or weight loss business for a period of three years, within a radius of 40 miles of Defendant's former CURVES® facility.

18. The integrity of Curves' franchise system requires that Defendant not be allowed to operate a competing business in direct competition with authorized CURVES® franchisees for a period of three years, after termination. The non-compete period is reasonably necessary to

protect Curves' legitimate business interests, its goodwill in the market and its relationships with other franchisees and customers in New York.  A three year restriction is necessary to prevent Defendant from taking the confidential business information she has gained as franchisee and using it to compete with Curves and its other franchisees.  After the expiration of the three year period, Defendant will no longer possess an unfair advantage against Curves and its franchisees.  Three years from now, Defendant will no longer possess Curves' most current business information and will be sufficiently removed from the information she gained as franchisee to once again permit her to compete fairly with Curves.

   19. Moreover, the geographic scope of the restrictive covenant is reasonable.  Curves is entitled to prevent Defendant from capitalizing impermissibly on the customer goodwill associated with Defendant's facility location through its previous display of the CURVES® Marks.  If Defendant is enjoined from competing within forty miles of her previous franchise, she will not be able to benefit from that customer goodwill, which belongs to Curves.  Curves and its other franchisees are entitled to be free from competition with Defendant, who recently departed from the CURVES® system.  Through her participation in the CURVES® franchise system, Defendant learned much about Curves' confidential and proprietary Business System.  As a former franchisee, Defendant is in a unique position to compete unfairly against Curves' other franchisees.  The time and geographic restrictions contained in the restrictive covenant are necessary to prevent Defendant from engaging in such unfair competition.

   20. Curves will also be irreparably harmed if Defendant is permitted to disregard her covenant against competition, as other franchisees could be inspired to do the same.  Restrictive covenants such as the one accepted by Defendant are the norm in Curves' franchise agreements.  If Defendant is permitted to simply abandon her CURVES® business and open a competitive

6

business at the same location, other franchisees could be inspired to do the same. This would have a devastating impact on the entire CURVES® franchise system and on franchisees who have honored their obligations to Curves. To preserve the integrity of its franchise system, Curves is entitled to enforcement of Defendant's contractual obligations.

21. The time and geographic restrictions contained in the Franchise Agreement represent the minimum restrictions necessary to protect Curves' legitimate business interests in preserving its customer goodwill, avoiding unfair competition, and preserving the integrity of its franchise system. Curves will suffer irreparable harm to each of its three legitimate business interests if Defendant's covenants are not enforced.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of July 2007.

_____
Kevin D. Ayers
General Counsel